D. Maimon Kirschenbaum
Lucas C. Buzzard
Joseph & Kirschenbaum LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MARVIN VACA, on behalf of himself and other similarly situated individuals,

Plaintiff,

v.

NEW YORK HEALTH & HOSPITALS CORPORATION and DIVERSE LYNX,

Defendants.
-------------------------------------------------------x

**CASE NO.: 1:25-cv-4804**

**COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiff Marvin Vaca, on behalf of himself and all other similarly situated individuals, by and through his undersigned counsel, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the New York state law claims, as they are so related to the federal claims over which the Court has original jurisdiction that the state law claims form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part

of the acts or omissions giving rise to claims of this Complaint took place in this District and Plaintiff performed work for Defendants in this District.

**THE PARTIES**

3. Defendant New York City Health & Hospitals Corporation ("H+H") is a public benefit corporation created under New York State law. It is the largest municipal health care delivery system in the United States.

4. Upon information and belief, the annual dollar volume of gross revenue each year of each Defendant exceeds $500,000 and each is an enterprise engaged in commerce within the meaning of 29 U.S.C. 201, *et. seq.*

5. In October 2022, in response to the arrival of thousands of asylum seekers in the City of New York, the City entered into a memorandum of understanding with H+H under which H+H became responsible for the management and day-to-day operation of Humanitarian Emergency Response and Relief Centers ("HERRC's"). The purpose of the HERRCs was to provide asylum seekers with temporary housing, meals, medical care, relocation assistance, and various other services.

6. One HERRC operated by H+H was the Roosevelt Hotel, located in midtown Manhattan. The Roosevelt Hotel was the system's "Arrival Center," where the majority of newly arriving asylum seekers were processed and received medical screenings, placement services, and case management services. In the year after it opened in May 2023, staff at the Roosevelt Hotel Arrival Center had registered and provided care to nearly 150,000 asylum seekers.

7. In addition to the Roosevelt Hotel, there were at least 13 other HERRCs operated by H+H in the City of New York.

8. After entering into the memorandum of understanding, H+H contracted with several private entities to assist with, and provide staffing for, the operation and management of the HERRCs, including the Roosevelt Hotel Arrival Center.

9. One such company contracted by H+H was Defendant Diverse Lynx, LLC ("Diverse Lynx"), a limited liability company organized under the laws of the State of New Jersey and headquartered in Princeton, New Jersey. Diverse Lynx provides information technology consulting and staffing solutions to its customers.

10. From May to July 2023, Plaintiff worked for Diverse Lynx and H+H as Operational Site Lead, primarily at the Roosevelt Hotel HERRC.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

11. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all workers who were paid an hourly wage for work provided at any HERRC administered by H+H within three years before the filing of this complaint, or such prior date as set by the Court due to the equitable tolling of claims (the "FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' decisions, plans, common policies, programs, practices, procedures, protocols and rules of willfully failing and refusing to (1) pay them for all hours worked, and (2) pay them at least one-and-one-half times their regular hourly rate of pay for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are the same as those of the other FLSA Collective Plaintiffs.

13. At all relevant times, Defendants have been, and continue to be, "employers" engaged in "commerce" within the meaning of FLSA, 29 U.S.C. § 201, *et. seq*.

14. At all relevant times, Defendants have employed "employee[s]", within the meaning of the FLSA, including Plaintiffs and each of the FLSA Collective Plaintiffs.

**NYLL CLASS ACTION ALLEGATIONS**

15. Plaintiff brings the Second and Third Claims for Relief as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the "NYLL Class," defined as all on behalf of all Diverse Lynx employees who were paid an hourly wage for work provided at any HERRC administered by H+H at any time on or after the date that is six years before the filing of the Complaint in this case.

16. Plaintiff and the NYLL Class have been subjected to systemic, common employment practices including, but are not limited to: (a) failing to pay overtime wages for all hours worked in excess of 40 per week; and (b) failing to pay Plaintiff and the NYLL Class for all hours worked and/or taking impermissible deductions from their earned wages.

17. The members of the NYLL Class are readily ascertainable. The number and identity of the NYLL Class Members are determinable from Defendant Diverse Lynx's records. The positions held and the rates of pay for each NYLL Class Member are also determinable from Defendant Diverse Lynx records. For the purpose of notice and other purposes related to this Action, their names and addresses are readily available from Defendant Diverse Lynx. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

18. The proposed NYLL Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of NYLL Class Members is currently unknown, and the facts on

which the calculation of that number are presently within the sole control of Defendant Diverse Lynx, upon information and belief, there are more than 40 members of the Class.

19. Plaintiff's claims are typical of those claims which could be alleged by any member of the NYLL Class, and the relief sought is typical of the relief which would be sought by each member of the NYLL Class in separate actions. All the NYLL Class Members, including Plaintiff, were subject to the same systemic corporate practices of Defendant Diverse Lynx, as alleged herein, of failing to pay overtime wages for all hours worked in excess of 40 per week and failing to pay Plaintiff and the NYLL Class for all hours worked and/or taking impermissible deductions from their earned wages. Defendants' policies and practices affected all NYLL Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each NYLL Class Member. Plaintiff and the NYLL Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the NYLL Class and have no interests antagonistic to the NYLL Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment discrimination litigation, and who possess the experience and resources to litigate an employment discrimination class action of this size and complexity.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage discrimination litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

Because the losses, injuries and damages suffered by each of the individual NYLL Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. There are questions of law and fact common to the NYLL Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants unlawfully failed and continue to fail to pay NYLL Class Members overtime wages;

(b) Whether Defendants failed to pay NYLL Class Members for all hours worked and/or took unlawful deductions from their earned wages; and

(c) Whether Defendants' failure to compensate NYLL Class Members for all hours worked and pay required overtime wages was willful within the meaning of the NYLL.

23. A class action is superior to other available means for fairly and efficiently adjudicating the claims of the Plaintiffs and members of the NYLL Class.

## FACTS

24. Plaintiff's Consent to Sue forms is attached as Exhibit A.

25. From mid-May to the end of July 2023, Plaintiff worked for Diverse Lynx and H+H as Operational Site Lead, primarily at the Roosevelt Hotel HERRC.

26. Plaintiff's primary duties were to supervise on-site intake operations at the Roosevelt Hotel HERRC, coordinate cross-agency staff communication, monitor workflows related to case management and medical intake, and ensure efficient processing of arriving asylum seekers.

27. When Plaintiff started working, H+H provided him with an official H+H work email address as well as an H+H laptop.

28. While working for Defendants at the Roosevelt Hotel, Plaintiff reported directly to an H+H supervisor on site.

29. At all relevant times that Plaintiff worked at the Roosevelt Hotel, he worked together with workers who had been provided by Diverse Lynx and various other staffing agencies that also held contracts with H+H, including DocGo, Inc., Medrite LLC, and Mindlance, Inc.

30. At all times, Plaintiff was paid by the hour.

31. Plaintiff's regular hourly rate was $47.00.

32. At all times hereinafter mentioned, Plaintiff was required to be paid his regular hourly rate for all hours worked and overtime pay at the statutory rate of time and one-half times his regular hourly rate for all hours worked over forty (40) hours in a workweek.

33. H+H approved all hours worked by Plaintiff and all other hourly workers provided by the various staffing agencies.

34. Plaintiff generally worked 12-hour shifts.

35. When Plaintiff first started, he was given three 12-hour shifts per week, for a total of 36 weekly hours.

36. However, he soon began working four 12-hour shifts per week, for a total of 48 weekly hours.

37. Additionally, there were numerous occasions when Plaintiff's shift lasted longer than 12 hours or he picked up an additional shift during a week.

38. Plaintiff's paychecks routinely did not reflect all of his weekly hours worked.

39. Plaintiff and all other hourly workers at the Roosevelt Hotel were required to manually record their hours worked on paper timesheets maintained by H+H at the Roosevelt Hotel.

40. Each shift, Plaintiff recorded his hours on the same paper timesheet used by all other hourly workers on that shift, regardless of which agency (Diverse Lynx, DocGo, Mindlance, etc.) had staffed the workers to work for H+H.

41. H+H approved all hours worked by Plaintiff and all other hourly workers provided by the various staffing agencies.

42. Once Plaintiff entered his hours on the paper timesheets, H+H staff transferred the hours to H+H's electronic timekeeping system.

43. Plaintiff's hours that appeared on H+H's electronic timekeeping system were frequently much less than the hours he had manually entered on the paper timesheets each shift. This resulted in Plaintiff being paid less regular and overtime hours than the number he actually worked.

44. In addition, after Plaintiff's shifts increased to 4 per week, he continued to get paid as if he worked only three shifts per week (for a total of 36 hours).

45. As a result of these deficiencies, Plaintiff was regularly paid less than the number of regular and overtime hours he worked each week.

46. Defendants' violations against Plaintiff, the FLSA Collective Plaintiffs, and the NYLL Class Plaintiffs have been willful in that Defendants recklessly disregarded the requirements of the law.

**FIRST CAUSE OF ACTION**
**Overtime Violations - Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.***
**-On behalf of Plaintiffs and the FLSA Collective Plaintiffs Against All Defendants-**

47. Plaintiff, on behalf of himself and all FLSA Collective Plaintiffs, re-alleges and incorporates by reference the previous paragraphs as if they were set forth again herein.

48. Defendants committed the following alleged acts knowingly, intentionally and willfully.

49. Defendants have engaged in a policy and widespread practice of violating the FLSA, as detailed in this Complaint.

50. As plumbers and pipelayers, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked more than forty (40) hours per workweek.

51. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 207 et seq., and supporting federal regulations apply to Defendants and protect Plaintiffs and the FLSA Collective members.

52. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the other FLSA Collective Plaintiffs one-and-one-half times their regular rate for hours worked in excess of forty (40) per workweek.

53. Plaintiffs, on behalf of themselves and the other FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double)

damages as provided by the FLSA for overtime violations, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**Overtime Violations, New York Labor Law § 650 *et seq.* and 12 NYCRR § 142-2.2**
**-On Behalf of Plaintiff and the NYLL Class Against Defendant Diverse Lynx-**

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. Plaintiff and members of the NYLL Class regularly worked in excess of 40 hours per workweek.

56. At all relevant times, Defendant Diverse Lynx willfully, regularly and repeatedly failed to pay Plaintiff and members of the NYLL Class at least one-and-one-half times their regular rate for hours worked in excess of forty (40) per workweek.

57. At all relevant times, Defendant Diverse Lynx has operated under common policies, plans and practices of willfully failing to pay Plaintiffs and members of the NYLL Class at least one-and-one-half times their regular rate for hours worked in excess of forty (40) per workweek, and willfully failing to keep accurate records required by New York law, including 12 NYCRR § 142-2.6.

58. Plaintiff, on behalf of himself and the NYLL Class, seeks damages consisting of unpaid overtime compensation, as well as liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CAUSE OF ACTION**
**New York Labor Law §§ 191, 193, 198 – Failure to Pay Wages for All Hours Worked & Failure to Pay Timely Wages**
**-On behalf of Plaintiffs and the NYLL Class Against Defendant Diverse Lynx-**

59. Plaintiffs realleges and incorporate by reference all allegations in all preceding paragraphs.

60. In violation of N.Y. Lab. Law §§ 191, 193, and 198, Defendant Diverse Lynx regularly failed to pay Plaintiff and Class Members for all hours worked and/or took deductions from the earned wages of Plaintiffs and Class Members.

61. Due to Defendant Diverse Lynx's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendant Diverse Lynx the amount of their unpaid wages, liquidated damages for their unpaid wages and untimely paid wages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff claims:

a. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b. Designation of Plaintiff as Collective Action Representative;

c. Designation of this action as a class action pursuant to Fed. R. Civ. P. 23;

d. Designation of Plaintiff as Class Representative;

e. Unpaid wages under the FLSA and the NYLL;

f. Liquidated damages under the FLSA;

g. Liquidated damages under the NYLL;

h. Appropriate statutory penalties;

i. Pre-Judgment and Post-Judgment interest, as provided by law;

j. Attorneys' fees and costs under the FLSA and the NYLL; and

k. Such other injunctive and equitable relief as the Court may deem just and proper.

Dated: June 6, 2025
New York, NY

Respectfully submitted,

*/s/ Lucas C. Buzzard*

**JOSEPH & KIRSCHENBAUM LLP**
D. Maimon Kirschenbaum
Lucas C. Buzzard
32 Broadway Suite 601
New York, NY 10004
Telephone: (212) 688-5640
Facsimile: (212) 688-2548

*Attorneys for Plaintiffs and the Putative Collective/Class*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.